Daniel, J.
 

 The charge of the judge was, in substance as follows, that if the services of the apprentice had become a total loss to
 
 the
 
 plaintiff, in consequence of the acts of the defendants, then he was entitled to recover damages for such loss, up to the expiration of the term of apprenticeship; but if there were any chances for the plaintiff again getting his apprentice, then the damages should only be for the injury he had actually sustained up to the time of the trial, with such additional damages as the said chances and contingencies indicated of a total loss. It seems to us, that .the charge is within the decision of
 
 Hadsall
 
 v.
 
 Stallbrass,
 
 38 Eng. C. L. R. 35, where the plaintiff, a watchfiiaker, sent his apprentice on business to the defendant’s house, who kept a dog known and ac
 
 *218
 
 customed to bite mankind ; the dog bit the hand of the Boy and rendered- him incapable ever after of doing his duty, as a watchmaker;'
 
 Held,
 
 that'the jury might award damages for the loss of the master; up to the end of the term of apprenticeship. In the case now before us, the judge charged, that the plaintiff was entitled to recover, as for a’total loss, if a total loss had in reality been the consequence of the acts of the defendants; if not, then the damages should be reduced in proportion to the chances the plaintiff had of regaining his apprentice. It seems to us, that the rule reaches the plaintiff’s actual loss as nearly as it can possibly be ascertained, and is therefore reasonable, and the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.